Steven E. Harrison, Esq. (No. 010632)
N. Patrick Hall, Esq. (No. 023246)
WALLIN HARRISON PLC
1425 South Higley Road, Suite 104
Gilbert, Arizona 85296
Telephone: (480) 240-4150
Facsimile: (480) 240-4151

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| CELIA A. ALVAREZ, <br><br> Plaintiff, <br><br> v. <br><br> MARICOPA COUNTY, a political subdivision of the State of Arizona; MARICOPA COUNTY SHERIFF'S OFFICE; JOSEPH M. ARPAIO in his capacity as Sheriff of Maricopa County; JOSEPH M. ARPAIO and AVA ARPAIO, husband and wife; JOHN DOE DEPUTIES I-X; JANE DOE DEPUTIES I-X; JOHN DOE SUPERVISORS I-X; JANE DOE SUPERVISORS I-X; JOHN DOE PHYSICIANS I-X; JANE DOE PHYSICIANS I-X; BLACK CORPORATIONS I-X; WHITE PARTNERSHIPS I-X, <br><br> Defendants. | No.: <br><br> **COMPLAINT** |

Plaintiff Celia A. Alvarez ("Ms. Alvarez" or "Plaintiff") alleges for her Complaint against Defendants as follows:

. . .

. . .

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983; the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution; and pendent state common law and statutory laws.

2. Plaintiff has satisfied the provisions of A.R.S. § 12-821.01.

3. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1988. Additionally, this Court has jurisdiction over Plaintiff's state and federal claims pursuant to Article 6, Section 14 of the Arizona Constitution.

4. Venue is proper in this Court pursuant to A.R.S. § 12-401. Plaintiff reserves the right, however, to change venue pursuant to A.R.S. § 12-406 and/or other applicable laws.

5. Plaintiff is and was at all relevant times a resident of Maricopa County, Arizona.

6. Defendants Maricopa County and Maricopa County Sheriff's Office ("MCSO") are political subdivisions and/or administrative agencies of the State of Arizona and/or corporate entities formed and designated as such pursuant to A.R.S. § 11-101 *et seq.* and, as such, are subject to civil suits and may be held independently liable for the wrongful conduct of their officers, employees, agents, districts and divisions/sub-divisions, including, without limitation, Defendant Maricopa County Sheriff, Joseph M. Arpaio, ("Arpaio"), and the deputies and employees of Maricopa County and/or MCSO.

7. At all relevant times hereto, Arpaio was the duly elected Maricopa County Sherriff and head of MCSO, with ultimate authority and supervisory responsibility for MCSO operations, including, without limitation, the use of force on individuals under the care, custody and control of MCSO, and the provision of adequate medical assistance and care to individuals in the custody, care, and control of MCSO. In such capacity, Arpaio was an officer, agent and/or employee of Maricopa County, with the authority and responsibility to establish and enforce policies, practices, customs, procedures, protocols and or training for MCSO's deputies, employees and agents. Arpaio's acts and/or omissions constitute actions of Maricopa County and/or MCSO. Maricopa County and/or MCSO are vicariously and directly liable for Arpaio's wrongful conduct, as alleged herein.

8. Arpaio is named in both his official capacity on behalf of Maricopa County and/or MCSO, and in his individual capacity, having acted for and on behalf of Maricopa County, MCSO and the marital community consisting of Arpaio and his wife, Defendant Ava Arpaio.

9. At all times material hereto, Defendants John Doe Deputies I-X; Jane Doe Deputies I-X; John Doe Supervisors I-X; Jane Doe Supervisors I-X (collectively referred to herein as "Deputies"), were officers, agents and/or employees of Maricopa County, MCSO, and/or Arpaio, and were acting within the course and scope of their employment by Maricopa County and/or MCSO and under color of law. These Deputies engaged in wrongful conduct that allowed, caused and/or contributed to Plaintiff's damages. Their actions constitute actions of Maricopa County, MCSO and/or Arpaio. Maricopa County,

MCSO and/or Arpaio are vicariously and directly liable for their wrongful conduct, as alleged herein.

10. John Doe Physicians I-X; Jane Doe Physicians I-X; Black Corporations I-X, and White Partnerships I-X (collectively referred to herein as "Physicians"), were medical providers and/or physicians acting as officers, agents and/or employees of Maricopa County, MCSO, Arpaio, and/or their respective private employers, Black Corporations I-X and/or White Partnerships I-X, and were acting within the course and scope of their employment by Maricopa County, MCSO and/or Arpaio and under color of law. These Physicians engaged in wrongful conduct that allowed, caused and/or contributed to Plaintiff's damages. These actions constitute actions of Maricopa County, MCSO and/or Arpaio. Maricopa County, MCSO and/or Arpaio are vicariously liable for their wrongful conduct, as alleged herein.

11. Maricopa County, MCSO and all of their subdivisions and their agents and employees specifically named herein or named as John or Jane Does or Black Corporations or White Partnerships are collectively referred to herein as "Maricopa County" or "Defendants."

12. The true names, capacities, and relationships, whether individual, corporate, partnership or otherwise of all John and Jane Doe Defendants, Black Corporations and/or White Partnerships, are unknown at the time of the filing of this Complaint, and are being designated pursuant to Rule 10(f), Arizona Rules of Civil Procedure, and applicable federal and state law. Plaintiff further alleges that all of the fictitiously named Defendants were jointly responsible for the actions, events, and circumstances underlying this lawsuit,

and they proximately caused the damages stated in this Complaint. Plaintiff will amend this Complaint to name the unidentified individuals once they have learned, through discovery, the identities and acts, omissions, roles and/or responsibilities of such Defendants sufficient for Plaintiff to discover the claims against them.

## **GENERAL ALLEGATIONS**

13. Plaintiff reasserts and incorporates all of the allegations contained in paragraphs 1 through 12 above as if fully set forth herein.

14. On or about February 11, 2009, Plaintiff Ms. Alvarez was working for Handyman Maintenance Inc. ("HMI") pursuant to a contract between HMI and the Maricopa County Board of Supervisors, when armed MCSO deputies wearing black ski masks carried out a "crime sweep" ambush upon Ms. Alvarez and other HMI employees.

15. Fearing for her safety, Ms. Alvarez attempted to hide; however, Ms. Alvarez was quickly discovered by two Deputies who seized Ms. Alvarez from the floor, lifted her off her feet, and slammed her face into a wall, causing severe injuries to Ms. Alvarez's head, face, jaw, and teeth.

16. Ms. Alvarez is approximately 5 feet tall. She was not carrying a weapon and posed no physical threat whatsoever to the much larger and stronger Deputies who outnumbered her.

17. There was no probable cause to stop, seize, search or brutally assault Ms. Alvarez.

18. After interrogating Ms. Alvarez and placing her in a line with many other HMI employees, one of the Deputies, completely unprovoked, violently struck Ms. Alvarez on the arm.

19. As Ms. Alvarez was being transported to a Maricopa County detention center, the physical pain from the injuries to her face became unbearable.

20. After arriving at the detention center, Defendants conducted an unnecessarily invasive and embarrassing strip search of Ms. Alvarez in the presence of several Deputies.

21. As her mistreatment continued, Ms. Alvarez requested medical attention from one of the Defendant Deputies. The Deputy denied Ms. Alvarez's request and informed Ms. Alvarez that her first opportunity for medical care would not occur for at least two weeks.

22. Ms. Alvarez again advised the Deputy that she was in need of immediate medical attention and, once again, the Deputy refused to assist her.

23. Defendants ultimately detained Ms. Alvarez for more than two months without providing any necessary medical care to treat Ms. Alvarez's injuries. In fact, Ms. Alvarez was not seen by any Physicians for the first two weeks of her detention and, after this first visit, Ms. Alvarez was not seen again for nearly two months. Moreover, both of the Physicians who saw Ms. Alvarez failed to provide necessary care for injuries that were obvious, or should have been obvious, to both Physicians.

24. As a result of Defendants' indifference to Ms. Alvarez's medical condition, and the delay in treatment, Ms. Alvarez's injuries were exacerbated and made permanent.

Since being released, Ms. Alvarez's doctors have been unable to repair her condition even through surgery.

25. Ms. Alvarez's embarrassment and injuries were the result of racial profiling, callous indifference, recklessness, and negligence arising out of a pattern of dangerous customs, policies, practices, instructions, and widespread unaccountability instituted and upheld by Arpiao, MCSO and Maricopa County.

## COUNT ONE
### (Negligence—All Defendants)

26. Plaintiff reasserts and incorporates all of the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Defendants have a statutory and common law duty to assure the safety and well being of persons in their care and custody—a duty that includes, without limitation, using only necessary and reasonable force and providing proper, appropriate and timely medical care.

28. Defendants breached their duties to Ms. Alvarez, as alleged herein, by, among other things and without limitation:

    a. Conducting an illegal search, seizure, and brutal assault against Ms. Alvarez without probable cause.

    b. Subjecting Plaintiff to excessive force by slamming her face into a wall;

    c. Subjecting Plaintiff to excessive force by striking her in the arm with the metal portion of clipboard; and

    d. Failing to provide proper medical care or attention to Plaintiff, despite her repeated requests.

29. Maricopa County and Arpaio are legally responsible for the screening, hiring, training, retaining and supervision of all employees and agents who have responsibility for the processing, handling, and management of detainees in the care, custody, and control of MCSO. This responsibility includes, without limitation, making certain that such employees and agents satisfy all federal, state and applicable standards of care. It also includes, without limitation, ensuring that MCSO's policies, procedures, practices, protocols, customs, and training satisfy all federal, state and applicable standards of care. It also includes, without limitation, responding to known problems and/or improper customs, policies, practices, procedures, training and/or conditions. Maricopa County and Arpaio were negligent in performing these duties and responsibilities and have repeatedly failed to respond to other known violations affecting other individuals.

30. The responsibility for overseeing the operations of MCSO lies with Arpaio. Arpaio is MCSO's policy maker with respect to MCSO's officers, employees and agents. In that official capacity, Arpaio breached his duties to Plaintiff, as alleged herein, by, among other things and without limitation:

    a. Instituting, implementing, utilizing, upholding and/or permitting to exist unreasonably dangerous policies, practices, procedures, protocols, customs and training, or lack thereof, with respect to, among other things and without limitation, the use of force, the proper monitoring, observation and assessment of the medical conditions and needs of individuals in the care, custody and control of MCSO; and

  b. Ratifying improper conditions, customs, policies, procedures and/or practices by inaction.

31. As the Sheriff of Maricopa County, Arpaio has individual, supervisory responsibility for overseeing the operations of MCSO and the actions of MCSO's deputies, employees and agents, as well as ensuring that MCSO's deputies, employees and agents are provided with proper training, education, resources and knowledge necessary to comply with applicable federal and state laws and standards of care.

32. At all relevant times, Arpaio and the other Defendants named herein were acting under the color of law and within the course and scope of their employment.

33. Defendants have a duty to care for those in their care, custody and control—particularly those who are injured or defenseless, such as Ms. Alvarez, and especially those individuals whom Defendants injure through their own unnecessary use of force.

34. Defendants, directly and through their employees and agents, breached their duties of care owed to Plaintiff.

35. The actions and/or omissions of the Defendants were the direct and proximate cause of damages to Plaintiff in an amount to be proven at trial.

**COUNT TWO**
**(Gross Negligence—All Defendants)**

36. Plaintiff reasserts and incorporates all of the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

37. Defendants subjected Plaintiff to reckless and excessive force, failed to provide her with proper medical care and/or failed to intervene to prevent excessive force and indifference to her medical condition.

38. A reasonable person under the same circumstances would have determined that Plaintiff was inappropriately subjected to the force that was used upon her; that the force used on Plaintiff was unreasonable and unjustified by the circumstances; and that Plaintiff was in need of medical treatment.

39. At all relevant times, Arpaio and the other Defendants named herein were acting under the color of law and within the course and scope of their employment.

40. Defendants, directly and through their employees and agents, were reckless and/or grossly negligent in the handling, treatment and care of Ms. Alvarez.

41. Defendants were reckless and/or grossly negligent in their failure to provide proper and immediate medical care to Ms. Alvarez and in their use of excessive force on Plaintiff.

42. Defendants breached their duties owed to Ms. Alvarez.

43. The actions and/or omissions of Defendants created an unreasonable and reckless risk of bodily harm to Plaintiff.

44. The actions and/or omissions of Defendants created the high probability that substantial harm would result, which it did.

45. Defendants' breaches of their duties constitute gross negligence, which was the proximate cause of Plaintiff's damages.

### COUNT THREE
**(Violation of 42 U.S.C. § 1983: Unconstitutional Policies, Customs and Failure to Train—All Defendants)**

46. Plaintiff reasserts and incorporates all of the allegations contained in paragraphs 1 through 45 above as if fully set forth herein.

47. Arpaio is a policy maker of Maricopa County and MCSO. In his official capacity, Arpaio has the authority and responsibility to establish policy for MCSO's deputies, to oversee operations of MCSO and the services provided by them, to evaluate, certify and maintain MCSO's compliance with applicable standards, and is ultimately responsible for everything that happens in MCSO. Arpaio has parallel duties in his individual capacity. His actions are the actions of Maricopa County.

48. At all times material hereto, Arpaio and the Deputies, Physicians, and other Defendants were acting under the color of law and within the course and scope of their employment.

49. Arpaio is named in his official capacity, as well as his individual capacity acting for and on behalf of the marital community consisting of Arpaio and Ava Arpaio, pursuant to 42 U.S.C § 1983 for his conduct as alleged herein.

50. Maricopa County and Arpaio have oversight and supervisory responsibility over MCSO's deputies, employees and agents with respect to MSCO matters. They are entities and/or political subdivisions directly liable under 42 U.S.C. § 1985.

51. Upon information and belief, Maricopa County and Arpaio have long been on notice and had knowledge of the dangerous and unconstitutional actions, customs, conditions, and culture that led to Plaintiff's injuries.

52. Upon information and belief, Maricopa County and Arpaio were deliberately and callously indifferent in training and/or failing to adequately train MCSO deputies, employees and agents in, among other things, the appropriate, lawful and constitutional policies, procedures, practices, protocols and customs for the provisions of medical care,

use of force and the assessment, processing, evaluation, handling and management of individuals in their care, custody and control.

53. Upon information and belief, Maricopa County and Arpaio were deliberately and callously indifferent to the care and safety of individuals, through fostering, encouraging and knowingly instituting and/or upholding formal and informal MCSO policies or customs condoning racial profiling, unlawful searches and seizures, excessive use of force, and indifference to the medical care of its detainees, such as what happened to Ms. Alvarez.

54. Upon information and belief, Maricopa County and Arpaio knew or should have known that unconstitutional policies, procedures, practices, protocols, customs and training, or lack thereof, existed within MCSO, and they either encouraged these violations, knowingly failed to address them, or ratified them by inaction and/or failed to establish and implement appropriate policies, procedures, practices, protocols, customs, and training for providing medical care, use of force, racial profiling, and the assessment, processing, evaluation, handling, and management of individuals in their care, custody and control in a manner that conformed to federal, state and applicable standards.

55. Upon information and belief, despite their knowledge and notice, Maricopa County and Arpaio permitted and/or ratified the implementation of inappropriate, unconstitutional, de facto policies which authorized, approved, condoned and failed to provide appropriate medical evaluation and care to individuals, failed to provide appropriate standards for the use of force, failed to provide appropriate medical assessment

requirements, and failed to adequately train and supervise MCSO personnel in these and other areas, without limitation.

56. Maricopa County's and Arpaio's deliberate, reckless and callous indifference in failing to train in these areas, among others without limitation, and the instituting, upholding, condoning and/or ratifying of such policies, practices, procedures, protocols and customs as described herein caused, substantially contributed to and/or was the moving force behind the racial profiling, unlawful search and seizure, excessive use of force, and failure or refusal to provide Plaintiff with necessary medical care.

57. The wrongful conduct of Defendants as described herein constitutes violations of 42 U.S.C. § 1983, in that with deliberate and callous indifference and/or excessive force, they deprived Plaintiff of her due process rights, privileges and immunities secured to her by the Constitution of the United States, including, among others and without limitation, equal protection under the law; the right to adequate and appropriate medical care, assessment and monitoring while in the custody and control of law enforcement; and the right to be free from unreasonable searches and seizures and excessive use of force, as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

58. Defendants further violated Ms. Alvarez's constitutional right to equal protection under the law by instituting and/or upholding policies and practices of racial profiling.

59. The actions and/or omissions of the Defendants have been the direct and proximate cause of damages to Plaintiff in an amount to be proven at trial.

60. Upon information and belief, the actions and omissions of Defendants described in this Complaint are typical of a pattern of malicious and reckless disregard for the constitutional rights of others. Accordingly, Plaintiff asks that the jury assess punitive damages against each Defendant in an amount that will punish and deter Defendants and others from acting in a similar manner in the future.

## COUNT FOUR
### (Violation of 42 U.S.C. § 1983: Deliberate Indifference to Medical Needs and Excessive Force—All Defendants)

61. Plaintiff reasserts and incorporates all of the allegations contained in paragraphs 1 through 60 above as if fully set forth herein.

62. At all times material hereto, Defendants were acting under color of law and within the course and scope of their employment.

63. Each of the Defendants demonstrated deliberate indifference to the unreasonable search and seizure, unnecessary force, and deprivation of medical care to treat Ms. Alvarez for the injuries Defendants caused through their use of unnecessary force.

64. The wrongful conduct of Defendants described above proximately caused, substantially contributed to, and/or was the moving force behind Plaintiff's damages.

65. The wrongful conduct of Defendants described above constitutes violations of 42 U.S.C. § 1983, which protects Plaintiff's rights, privileges, immunities, and equal protection secured to her by the Fourth Amendment, Eight Amendment and Fourteenth Amendment to the Constitution of the United States.

66. The wrongful conduct of Defendants as described herein constitutes indifference to Plaintiff's medical needs and thus violates her rights under the Fourth, Eighth, and/or Fourteenth Amendment of the United States Constitution, in that she was deprived of her rights, privileges and immunities guaranteed to all individuals within the United States; was deprived of her liberty without due process of law; was subjected to unlawful and improper punishment; was denied equal protection from racial profiling; and was denied proper medical treatment.

67. The actions and/or omissions of the Defendants have been the direct and proximate cause of damages to Plaintiff in an amount to be proven at trial.

68. Upon information and belief, the actions and omissions of Defendants described in this Complaint are typical of a pattern of malicious and reckless disregard for the constitutional rights of others. Accordingly, punitive damages should be assessed against each Defendant in an amount to be determined by a jury that will punish and deter Defendants and others from acting in a similar manner in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment against Defendants as follows:

(a) For general damages in an amount to be proven at trial;

(b) For punitive damages in an amount deemed just and reasonable against the individual Defendants;

(c) For costs and attorneys' fees against all Defendants pursuant to 42 U.S.C. § 1988;

(d) For taxable costs incurred by Plaintiff, as defined by statute; and

(e) For such other and further relief as this Court deems just and appropriate.

DATED this 11th day of February, 2010.

WALLIN HARRISON PLC

By: /s/ N. Patrick Hall
Steven E. Harrison, Esq.
N. Patrick Hall, Esq.
*Attorneys for Plaintiff*

G:\A\Alvarez, Celia 3576-001\Pleadings\Complaint.docx