**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Celia A. Alvarez,<br><br>    Plaintiff,<br><br>vs.<br><br>County of Maricopa, et al.,<br><br>    Defendants. | No. CV-10-310-PHX-DGC<br><br>**ORDER** |

Defendants Maricopa County Sheriff Joseph M. Arpaio and the Maricopa County Sheriff's Office have filed a motion to dismiss the claims filed by Plaintiff Celia A. Alvarez. Dkt. #7. The motion is fully briefed. Dkt. ##11, 15. Defendant Maricopa County has also filed a motion to dismiss Plaintiff's claims against it, which is fully briefed. Dkt. ##5, 10, 17. In her responses to both motions to dismiss, Plaintiff filed motions to conduct discovery under Rule 56(f) and also asked the Court for leave to amend her complaint. Dkt. ##10, 11. Plaintiff has also filed a motion for order authorizing alternative service (Dkt. #20) to which Defendants have responded (Dkt. #21). For reasons that follow, the Court will grant in part and deny in part Arpaio and the Sheriff's Office's motion to dismiss (Dkt. #7), and will grant in part and deny in part Maricopa County's motion to dismiss (Dkt. #5). The Court will deny Plaintiff's motions to conduct discovery, but will grant Plaintiff leave to amend her complaint by **July 16, 2010**. Dkt. ##10, 11, 16, 18. The Court will deny Plaintiff's motion for order authorizing alternative service (Dkt. #20).[1]

---

[1] Defendants' request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

## I. Background.

On February 11, 2009, deputies from the Sheriff's Office conducted a raid at Plaintiff's workplace. Dkt. #1 at 5. According to Plaintiff, several unknown deputies seized her, "lifted her off her feet, and slammed her face into a wall, causing severe injuries" to her face and jaw. *Id.* After the raid, according to Plaintiff, she was taken to a detention center where deputies conducted a strip search of her and refused to provide her with medical attention for the injuries inflicted by the unknown deputies, despite the fact that she complained of extreme pain. *Id.* at 5-6. She further contends that she never received adequate medical care during her detention. *Id.* at 6.

Plaintiff filed the present case against Maricopa County, the Sheriff's Office, Arpaio, and unknown deputies working for the Sheriff's Office and the County. She alleges negligence, gross negligence, and violation of 42 U.S.C. § 1983 based on deprivations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights. Dkt. #1.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

The court may not assume Plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Iqbal*, 129 S. Ct. at 1949. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.[2]

### III. Arpaio and the Sheriff's Office.

The Sheriff's Office has moved for dismissal of all claims against it on the ground that it is a non-jural entity. Dkt. #7 at 2-5. Arpaio has moved to dismiss all § 1983 claims against him. Dkt. #7 at 5-11. The Sheriff's Office has also moved to dismiss without prejudice all claims against the fictitiously-named employees of the Sheriff's Office and Maricopa County. Dkt. #7 at 12-13. The Court will consider each argument in turn.

#### A. The Sheriff's Office.

The Sheriff's Office argues that it cannot be sued because it is a non-jural entity that does not have a separate legal existence from Maricopa County, and is only a political subdivision of the County that cannot sue or be sued in its own name. Dkt. #7 at 3. In response, Plaintiff cites several cases which, she contends, support the proposition that the Sheriff's Office can be sued. *See Maricopa County Sheriff's Office v. Maricopa County Employee Merit Sys. Comm'n*, 119 P.3d 1022 (Ariz. 2005); *W. Valley View, Inc. v. Maricopa County Sheriff's Office*, 165 P.3d 203 (Ariz. App. 2007); *Patterson v. Maricopa County*

---

[2] Plaintiff argues that *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), excuses Plaintiff from pleading specific facts because the facts are within the control of the Sheriff's Office or Maricopa County. The Court feels obligated to apply the Supreme Court's most recent rulings in *Iqbal* and *Twombly*.

*Sheriff's Office*, 865 P.2d 814 (Ariz. App. 1993); *Melendres v. Arpaio*, 598 F. Supp. 2d 1025, 1039 (D. Ariz. 2009).

The Court does not find the cases cited by Plaintiff to be persuasive. *Melendres* is the only case where the court expressly considered the question of whether the Sheriff's Office is a jural entity. *Id*. In the other three cases, the Sheriff's Office was a party, but the courts did not consider whether it was amenable to suit. *See Maricopa County Employee*, 119 P.3d at 1022; *W. Valley View, Inc.*, 165 P.2d at 814; *Patterson*, 865 P.2d at 814. In *Melendres*, the court did not hold that the Sheriff's Office undoubtedly is a jural entity, but instead refused to dismiss the Office because it had failed to file a reply brief to address some of plaintiff's arguments and "[had] acted as a plaintiff as recently as 2005[.]" 598 F. Supp. 2d at 1039. The Sheriff's Office has filed a reply brief in this case and has made convincing arguments as to why it is non-jural entity. For reasons stated in *Wilson v. Maricopa County*, No. CV04-2873-PHX-DGC, 2005 WL 3054051, *2 (D. Ariz. Nov. 15, 2007), the Court finds that Plaintiff has failed to show that the Sheriff's Office is a jural entity. The Court will dismiss all claims against the Sheriff's Office with prejudice.

**B.     Arpaio.**

Arpaio argues that Counts Three and Four of the complaint, which allege violations of § 1983 under the Fourth, Eighth, and Fourteenth Amendments, must be dismissed. He makes five specific arguments: (1) Plaintiff cannot state a claim for violation of the Eighth Amendment for cruel and unusual punishment, (2) Plaintiff cannot state a claim for violation of the privileges and immunities clause of the Fourth Amendment, (3) Plaintiff cannot state a claim for violation of her right to due process or equal protection under the Fourteenth Amendment, (4) Plaintiff cannot state a claim for unlawful search and seizure and use of excessive force in violation of the Fourth Amendment, and (5) Arpaio is protected by qualified immunity. Arpaio also argues that he cannot be found liable for the punitive damages. The Court will consider each argument in turn.

        **1.     Eighth Amendment.**

Plaintiff concedes that none of her claims arise out of the Eighth Amendment.

Dkt. #11 at 6. To the extent the § 1983 claims are based on the Eighth Amendment, they are dismissed.

### 2. Fourth Amendment.

Plaintiff concedes that her claims do not arise out of the privileges and immunities clause of the Fourth Amendment. Dkt. #11 at 9. To the extent the § 1983 claims are based on the privileges and immunities clause, they are dismissed.

### 3. Fourteenth Amendment.

#### a. Due Process.

Arpaio argues that Plaintiff has failed to state a Fourteenth Amendment due process claim against him because she "does not allege facts that would show, if true, that she was deprived of her liberty <u>by Arpaio</u>." Dkt. #7 at 8 (emphasis in original). He argues that she has merely stated facts that could show a possible deprivation of liberty from her interaction with several unidentified deputies – an interaction with which he was not involved. *Id.* He further argues that he cannot be held liable for Plaintiff's interactions with the deputies under a theory of supervisory liability and that Plaintiff has failed to allege facts showing that he deprived her of any constitutional right based on his own actions.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 129 S. Ct. at 1948. Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* As a result, Plaintiff cannot allege that Arpaio is liable for the actions of the unidentified deputies under *respondeat superior*, but rather must plead that Arpaio, through his own actions, "has violated the Constitution." *Id.* Plaintiff contends that she has pled facts showing that her "injuries were caused by customs, practices, and policies instituted and upheld by Arpaio through deliberate indifference." Dkt. #11 at 7. The Court agrees.

In order for Plaintiff to allege a Fourteenth Amendment Due Process claim against Arpaio, she must state facts in her complaint that, if true, would amount to a constitutional deprivation caused by an act or omission of Arpaio. Further, she must also show that

Arpaio's act or omission was taken with deliberate indifference, which requires Plaintiff to allege facts showing that Arpaio was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that he "[drew] the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837, 841 (1994).

The Court finds that Plaintiff has adequately pled such facts. She alleges that Arpaio, as policy-maker for the Sheriff's Office, instituted, implemented and permitted "unreasonably dangerous policies, practices, procedures, protocols, customs, and training," that Arpaio had "long been on notice and [has] had knowledge of the dangerous and unconstitutional actions, customs, conditions, and culture," and that, despite this notice and knowledge, he deliberately and indifferently permitted this culture to continue such that it ultimately caused the violation of Plaintiff's constitutional rights. Dkt. #1 at 8, 11, 12. These allegations – that Arpaio knew of the dangerous and unconstitutional practices occurring in the Sheriff's office and intentionally permitted them to continue – are sufficient to defeat a motion to dismiss. If proven, they would show that Arpaio was deliberately indifferent to Plaintiff's rights. *See Farmer*, 511 U.S. at 837, 841. As a result, the Court finds that Plaintiff has adequately stated a Fourteenth Amendment Due Process claim against Arpaio.

### b. Equal Protection.

Arpaio also argues that Plaintiff has failed to set forth any "factual allegations supporting her conclusory characterization that she was somehow racially profiled by Arpaio" in denial of her Fourteenth Amendment right to equal protection. Dkt. #7 at 8. In order to state a § 1983 equal protection claim in this circuit, Arpaio argues, a plaintiff must show that other similarly situated persons have been treated differently than the plaintiff and that the different treatment of the plaintiff was based on an impermissible motive. *Id.* Plaintiff argues that she has adequately "alleged that her mistreatment was racially motivated based on her minority status," and that "evidence will be revealed during discovery establishing that Defendants have singled out Hispanics for its immigration 'crime sweeps' and that similarly situated Caucasians have not been singled out or prosecuted by Defendants." Dkt. #11 at 10.

The Court agrees with Arpaio that Plaintiff has failed to state a claim on which relief can be granted. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (internal quotation and citation omitted). Nowhere in Plaintiff's complaint does she allege that she is a member of a protected class or that she was treated differently than similarly situated people because of her membership in the protected class. *See* Dkt. #1. Although Plaintiff states in her response that she is Hispanic and that "her mistreatment was racially motivated based on her minority status," these allegations are not contained in the complaint. Dkt. #11 at 10. As a result, Plaintiff has failed to state a Fourteenth Amendment equal protection claim against Arpaio. The Court will dismiss this claim without prejudice.

### 4. Fourth Amendment - Search and Seizure and Excessive Force.

Arpaio alleges that Plaintiff's Fourth Amendment claims, which are based on a violation of the prohibition against unlawful searches and seizures and the use of excessive force, are legally deficient because they attempt to hold him vicariously responsible under § 1983 for the conduct or acts of others. As discussed above, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 129 S. Ct. at 1948. Instead, Plaintiff "must plead that [Arpaio], through [his] own individual actions, has violated the Constitution." *Id.*

Plaintiff contends that "the Fourth Amendment violations in this case were the product of customs and policies instituted and upheld by Arpaio." Dkt. #11 at 11. As with her Fourteenth Amendment due process claim, Plaintiff has pled enough facts showing that the Fourth Amendment violations were caused by customs or policies instituted by Arpaio. Plaintiff makes the factual assertion that Arpaio encouraged and instituted "policies or customs condoning racial profiling, unlawful searches and seizures, excessive use of force, and indifference to the medical care of its detainees[.]" Dkt. #1 at 12. She further alleges that Arpaio had adequate notice of these practices and that, despite this knowledge, permitted

them to continue. *Id.* Taking these allegations as true, Plaintiff has pled sufficient facts showing that Arpaio's conduct permitted the allegedly unconstitutional actions of the two deputies. The Court finds that Plaintiff has adequately stated a Fourth Amendment claim against Arpaio.

### 5. Qualified Immunity.

Finally, Arpaio alleges that the Court must enter judgment in his favor because the alleged conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Arpaio contends that the "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Arpaio contends that Plaintiff's complaint fails to allege facts showing that Arpaio knowingly violated the law, or that it would have been "clear to a reasonable officer that his conduct was unlawful[.]" *Katz*, 533 U.S. at 202. He argues that, "if officers of reasonable competence could disagree" as to whether the alleged conduct was unlawful, "immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

At the motion to dismiss phase, the Court must accept as true "[a]ll allegations of material fact" and must construe them "in the light most favorable to the non-moving party." *Smith*, 84 F.3d at 1217. The Court must accept as true that Arpaio is legally responsible for hiring and training employees, Arpaio is the policy-maker in the Sheriff's Office, Arpaio hired individuals and failed to train them in the proper use of force and the proper treatment of individuals, Arpaio knew his deputies were not properly trained, Arpaio knew there was a culture of dangerous and unconstitutional actions among his employees, Arpaio was deliberately indifferent in training such individuals, and Arpaio knew of and ratified this "pattern of malicious and reckless disregard for the constitutional rights of others." Dkt. #1 at 7-15. Construed in the light most favorable to Plaintiff, the Court finds that a "reasonable officer" would have known that this conduct was unlawful under the Constitution. *Katz*, 533 U.S. at 202-05. As a result, the Court cannot dismiss the claims against Arpaio on the ground

- 8 -

of qualified immunity.

### 6. Punitive Damages.

Arpaio argues that federal law prohibits Plaintiff from obtaining punitive damages against him in his official capacity. Dkt. #7 at 10. Plaintiff concedes this point. Dkt. #11 at 12. As a result, to the extent the complaint seeks punitive damages from Arpaio in his official capacity, that claim is dismissed.

Plaintiff states, however, that "[t]o the extent [her] Complaint suggests otherwise, Plaintiff offers to amend her Complaint to make it clear that she is only seeking punitive damages against Arpaio in his individual and marital capacity." Dkt. #11 at 12. Arpaio argues that the complaint clearly does not seek punitive damages against him in his individual and marital capacity because it makes clear that Arpaio was acting at all times "within the scope" of his employment. Dkt. #1 at 9. The Court agrees with Arpaio. Should Plaintiff wish to seek punitive damages against Arpaio in his individual and marital capacity, she should make that clear in her amended complaint.

### C. Fictitiously-Named Defendants.

Arpaio and the Sheriff's Office argue that any § 1983 claims against fictitiously-named Defendants must be dismissed. Dkt. #7 at 12-13. Plaintiff argues that she will learn during discovery the identities of the unnamed Defendants and will then amend her complaint to add their names. Dkt. #11 at 12. Arpaio does not respond to Plaintiff's arguments. Dkt. #15.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltse v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968)). Where the identity of defendants cannot be known prior to the filing of a complaint, however, "the plaintiff should be given an opportunity through discovery to identify the defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430-31 n.24 (9th Cir. 1977)); *Wakefield v. Thompson*, 177 F.3d 1160, 1163

1  (9th Cir.1999). In this case, it is not clear that discovery will not uncover the identities of the
2  currently unnamed Defendants. As a result, the Court will not dismiss the fictitiously-named
3  Defendants. Plaintiff may use the discovery processes to obtain the names of the persons
4  whom she believes violated her constitutional rights. If Plaintiff discovers their identities,
5  she may seek leave to amend the complaint to name these individuals.

### D. Plaintiff's Request to Conduct Discovery and Request to Amend.

Plaintiff requests in her response "that she be permitted to amend her Complaint and/or conduct discovery under Rule 56(f)." Dkt. #11 at 5. Under Rule 15(a)(1), a party may amend his or her pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). Rule 15(a)(2) provides that in all other cases a party may amend his pleading only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The rule makes clear, however, that the Court "should freely give leave when justice so requires." *Id.* This policy in favor of amendment must be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001).

The Court will grant Plaintiff leave to file an amended complaint. *See Neuendorf v. Unknown Party*, No. CV 10-124-PHX-RCB, 2010 WL 1743198, at *2 (D. Ariz. Apr. 27, 2010). Plaintiff shall file her amended complaint by **July 16, 2010**.

The Court will deny Plaintiff's request to conduct discovery pursuant to Rule 56(f). Under Rule 56(f), a party opposing a motion for summary judgment can, in certain cases, avoid summary judgment by presenting an affidavit showing that "it cannot present facts essential to justify its opposition." This rule is inapplicable to the present Rule 12(b)(6) motion.

In her reply brief, Plaintiff argues for the first time that Defendants' motion raises matters outside the pleadings and, as a result, should be treated as a motion for summary judgment in accordance with Rule 12(d). Dkt. #16 at 1-2. Plaintiff does not point to any

- 10 -

matters outside the pleadings which Defendants allegedly raised, and the Court does not find any. As a result, the Court will deny Plaintiff's request to treat the Rule 12(b)(6) motion as one for summary judgment.

### E. Conclusion.

The Court will dismiss the claims against the Sheriff's Office with prejudice because it is a non-jural entity. The Court will dismiss the Fourteenth Amendment equal protection claim as to Arpaio without prejudice. The Court will not dismiss the remaining § 1983 claims against Arpaio or claims against the fictitiously-named Defendants.

## IV. Maricopa County.

Maricopa County makes the following arguments as to why Claims 1 and 2 (negligence and gross negligence) should be dismissed: (1) Maricopa County is not responsible for the operation of the jails, and (2) Plaintiff failed to comply with Arizona's Notice of Claims statute. The County also makes the following arguments as to why the § 1983 claims and the accompanying claims for punitive damage should be dismissed: (3) § 1983 does not authorize punitive damages against local government entities, (4) the County cannot be held liable under § 1983 on the basis of *respondeat superior*, (5) Plaintiff has failed to allege facts supporting a claim against the County for failure to train, (6) Plaintiff has failed to state an Eighth Amendment claim, (7) Plaintiff's claims against the fictitiously-named Defendants must be dismissed, (8) Plaintiff has failed to state a Fourteenth Amendment equal protection claim, privileges and immunities claim, or due process claim, (9) Plaintiff's allegations amount to claims of medical negligence, which are not compensable, and (10) Plaintiff has failed to state a Fourth Amendment claim against the County. Dkt. #5.

### A. Negligence and Gross Negligence.

#### 1. Operation of the Jails.

Maricopa County argues that Plaintiff has failed to state a claim for negligence or gross negligence because it is not responsible for operation of the County jails. The County cites several Arizona statutes which empower the County Sheriff to "[t]ake charge of the

county jail[.]" A.R.S. §§ 11-441(A)(5), 31-101, 11-401, 11-409, 11-251. The County also cites one case, *Hounshell v. White*, 202 P.3d 466, 470 (Ariz. App. 2008), which, it argues, supports a finding that the County is not responsible for jail operations.

Both this Court and courts in Arizona have held that "[t]he County is responsible for the Sheriff's jail policies." *Flanders v. Maricopa County*, 54 P.3d 837, 847 (Ariz. App. 2002); *Murphy v. County of Yavapai*, CV-04-1861-PCT-DGC, 2006 WL 2460916 (D. Ariz. Aug. 23, 2006) ("Under Arizona law as interpreted in *Flanders*, a county is responsible for its sheriff's jail policies."). Moreover, the County's reliance on *Hounshell* is misplaced. In *Hounshell*, the court determined that a county board of supervisors "may not discipline the classified employees of other county officers," and did not consider the issue of whether a county is responsible for a sheriff's jail policies. 202 P.3d at 467. The Court will not dismiss Claims 1 and 2 on this ground.

### 2. Notice of Claims Statute.

Under A.R.S. § 12-821.01, before a plaintiff may bring a state or common law claim against a public entity, the plaintiff must file a notice of claim "within one hundred eighty days after the cause of action accrues" which "contain[s] facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." A.R.S. § 12-821.01. The statute bars any claims against a public entity that have not been asserted in a timely Notice of Claim. *Id.*

The County has moved to dismiss the Plaintiff's common law claims pursuant to Rule 12(b)(6) because Plaintiff failed to file a timely notice of claim. Generally, a statute of limitations defense can only be raised in a Rule 12(b)(6) motion "[i]f the running of the statute is apparent on the face of the complaint[.]" *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). Even if the relevant dates alleged in the complaint are beyond the statutory period, the "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v.U.S.*, 68 F.3d 1204, 1206 (9th Cir.

1995)).

The County has failed to show that "the plaintiff can prove no set of facts that would establish the timeliness'" of her Notice of Claim. *Hernandez*, 138 F.3d at 402. Indeed, the County's entire argument is based on evidence not included in the complaint.[3] *See* Dkt. #5 at 3-5. Because "matters outside the pleadings are presented" in support of the County's Rule 12(b)(6) motion, the Court must treat it "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A court may deny a motion for summary judgment if the "party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position[.]" Fed. R. Civ. P. 56(f). Plaintiff has provided an affidavit stating that the necessary evidence on this issue "is solely within Defendants' control," including "medical records for Ms. Alvarez[.]" Dkt. #9 at 1-4. As a result, the Court will deny the County's motion to dismiss Claims 1 and 2 on the ground that the Notice of Claim filed by Plaintiff was untimely.

**B.     § 1983 Claims.**

**1.     Punitive Damages.**

The County argues that Plaintiff's claim for punitive damages must be dismissed because § 1983 does not authorize punitive damages against local government entities. Plaintiff agrees. Dkt. #10 at 9. To the extent the complaint seeks punitive damages against the County, it will be dismissed.

**2.     *Respondeat Superior*.**

The County argues that it cannot be held liable under § 1983 on the basis of *respondeat superior*. The County is correct that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services of N.Y.*, 436 U.S. 658, 691 (1978). A County may, however, be "liable under § 1983 when injury is inflicted by execution of that entity's policy, whether made by its lawmakers or by those

---

[3] The County's evidence consists of several medical complaints filed by someone named "Francisca Perez." Dkt. #8 at 2-10. Plaintiff does not dispute the authenticity of these documents, but it is unclear why the documents do not state Plaintiff's name.

- 13 -

1 whose edicts or acts may fairly be said to represent official policy." *Flanders*, 54 P.3d at 847
2 (internal quotation and citation omitted). Moreover, under *Monell*, municipal liability can
3 attach where a plaintiff's alleged constitutional deprivation was the result of a policy or
4 custom of the local government. 436 U.S. at 691-94. "For purposes of liability under
5 *Monell*, a policy is a deliberate choice to follow a course of action . . . made from among
6 various alternatives by the official or officials responsible for establishing final policy with
7 respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008)
8 (internal quotations and citations omitted) (ellipses in original).

Plaintiff argues that the County had policies which caused her injuries and for which the County is responsible under *Flanders*. 54 P.3d at 847. In response, the County merely rehashes the point that the County cannot be vicariously liable for the actions of the Sheriff. Dkt. #17 at 7. Plaintiff agrees on this point. *See* Dkt. #10 at 9 ("Plaintiff agrees that the County cannot be held liable under a theory of *respondeat superior* for Ms. Alvarez' Section 1983 claims.") (italics added). The County does not argue that it cannot be found liable for its own policies, nor does it argue that Plaintiff has failed to plead facts adequate to show that its policies caused her injuries. The Court will not dismiss the § 1983 claims on this ground.

### 3. Failure to Train.

The County argues that Plaintiff has failed to allege facts supporting a failure by the County to train County personnel. Dkt. #5 at 7. Generally, to state a claim for failure to train, a plaintiff must allege facts to support that the alleged failure to train amounted to deliberate indifference. *Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). Plaintiff must allege facts showing that the County's failure to train was the result of a deliberate or conscious choice. *Id.* at 1213-14.

Plaintiff argues that "the County can be held liable for inadequate training in this case" because the County had a policy or custom of failing to train. Dkt. #10 at 11. Plaintiff alleges that "Maricopa County . . . [was] deliberately and callously indifferent in training and/or failing to adequately train MCSO deputies, employees and agents[.]" Dkt. #1 at 11. She alleges that the County was responsible for hiring and training employees, that the

County has long known "of the dangerous and unconstitutional actions, customs, conditions, and culture that led to Plaintiff's injuries," and that the County "foster[ed], encourag[ed] and knowingly institut[ed] and/or up[held] formal and informal MCSO policies or customs condoning racial profiling, unlawful searches and seizures, excessive use of force, and indifference to the medical care of its detainees, such as what happened to Ms. Alvarez." Dkt. #1 at 12. These facts are sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. As a result, the Court will not dismiss the § 1983 claims against the County to the extent they allege a failure to train.

### 4. Eighth Amendment Claim.

Plaintiff concedes that none of her claims arise out of the Eighth Amendment. Dkt. #10 at 11. As a result, to the extent the § 1983 claims are based on an alleged Eighth Amendment violation, they are dismissed.

### 5. Fictitiously-Named Defendants.

The County argues that Plaintiff's claims against the fictitiously-named Defendants must be dismissed on the ground that they do not identify the allegedly unconstitutional acts of each Defendant. Dkt. #5 at 9. As the Court discussed above, however, where the identity of defendants cannot be known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642; *Wakefield*, 177 F.3d at 1163. The Court will not dismiss the fictitiously-named Defendants.

### 6. Fourteenth Amendment.

#### a. Equal Protection.

"[T]o state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee*, 250 F.3d at 686. The County alleges that Plaintiff has failed to state

a claim because "Plaintiff fails to identify (1) what protected class is at issue; (2) whether she was a member of the protected class; and (3) if she was a member within that class, whether and how she was subjected to disparate treatment[.]" Dkt. #5 at 11. The Court agrees.

As discussed above, nowhere in Plaintiff's complaint does she allege that she is a member of a protected class or that she was treated differently than similarly situated people because of her membership in the protected class. *See* Dkt. #1. Although Plaintiff states in her response that she is Hispanic and that her mistreatment was racially motivated, this is not clear from the face of the complaint. Dkt. #10 at 13. The Court finds that Plaintiff has failed to state a Fourteenth Amendment equal protection claim against the County.

### b. Privileges and Immunities.

Plaintiff concedes that her claims do not arise out of the privileges and immunities clause of the Fourth Amendment. Dkt. #10 at 14. To the extent her § 1983 claims are based on an alleged violation of the privileges and immunities clause, they are dismissed.

### c. Due Process.

The County joins in Arpaio's motion as to why Plaintiff has failed to state a claim against it for violation of the due process clause of the Fourteenth Amendment. In order for Plaintiff to allege a Fourteenth Amendment due process claim against the County, she must state facts in her complaint that, if true, would amount to a constitutional deprivation caused by an act or omission of the County. She also must show that the County's act or omission was taken with deliberate indifference. *See Farmer*, 511 U.S. at 841. To show deliberate indifference, Plaintiff must allege facts showing that the County was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that it "[drew] the inference." *Id.* at 837.

Plaintiff has adequately pled such facts. She alleges that the County "knew or should have known that unconstitutional policies . . . existed within MCSO," that it upheld these policies, and that at the time of Plaintiff's injuries it had "long been on notice" of the "dangerous and unconstitutional actions, customs, conditions, and culture" that permeated the Sheriff's Office. Dkt. #1 at 11-15. These facts, accepted as true, show that the County

was aware that a serious risk of harm existed and that it drew that inference, meaning that it was deliberately indifferent. The Court finds that Plaintiff has adequately stated a Fourteenth Amendment due process claim against the County.

### 7. Medical Negligence.

The County argues that Plaintiff's "allegations that she was not timely provided medical care or treatment for her injuries amount to nothing more than claims of medical malpractice, not constitutional violations." Dkt. #5 at 13. The County contends that "[w]hile Plaintiff argues that medical treatment was deliberately withheld and refused, Plaintiff in fact underwent a medical screening on the day after she was arrested. Orders were written 3 days later. Less than 2 weeks later, x-rays were taken and medications were ordered." Dkt. #17 at 9.

The County's argument, as Plaintiff points out, "contradicts the allegations in Ms. Alvarez' Complaint and raises material issues of fact that would preclude dismissal under the standards set forth under Rule 12(b)(6) and Rule 56." Dkt. #10 at 14. As a result, the Court cannot dismiss Plaintiff's claims on this ground.

### 8. Fourth Amendment.

The County argues that Plaintiff has failed to state a claim under the Fourth Amendment because her complaint does not implicate the Fourth Amendment. Dkt. #5 at 14. Plaintiff argues that she has stated a claim because "paragraphs 14-20 of her Complaint contain allegations that Defendants used unnecessary force on two different occasions, and that they subsequently conducted an unreasonable strip search during which Ms. Alvarez was humiliated by male and female deputies." Dkt. #10 at 15.

Plaintiff's complaint clearly implicates the Fourth Amendment. She alleges that she was subjected to excessive force when she was slammed into a wall and violently struck, and that she was unreasonably strip-searched. Dkt. #1 at 5-6.

### C. Plaintiff's Request to Conduct Discovery and Request to Amend.

Plaintiff again requests "that she be permitted to amend her Complaint and/or conduct discovery under Rule 56(f)." Dkt. #10 at 5. As discussed above, the Court will grant

- 17 -

Plaintiff leave to file an amended complaint by **July 16, 2010**.

### D. Conclusion.

The Court will dismiss Plaintiff's Fourteenth Amendment equal protection claim as to the County.

## V. Motion for Order Authorizing Alternative Service.

Plaintiff has moved the Court for an order authorizing alternative service of Defendant Ava Arpaio on the ground that one attempt to serve her was unsuccessful. Dkt. #20 at 2 (stating that a process server knocked on the door but that no one would answer the gate). The Court will deny the motion. Plaintiff has made only one attempt to serve Ava Arpaio, and the Court does not find that this is sufficient to show that personal service is impracticable.

**IT IS ORDERED:**

1. Arpaio and the Sheriff's Office's motion to dismiss (Dkt. #7) is **granted in part and denied in part**. The Sheriff's Office is dismissed from this case with prejudice. The Fourteenth Amendment equal protection claim is dismissed without prejudice as to Arpaio.

2. Maricopa County's motion to dismiss (Dkt. #5) is **granted in part and denied in part**. The Fourteenth Amendment equal protection claim is dismissed without prejudice as to the County.

3. Plaintiff's request to amend is **granted** and her requests for discovery pursuant to Rule 56(f) (Dkt. ##10, 11, 16, 18) are **denied**.

4. Plaintiff shall file an amended complaint by **July 16, 2010**.

5. Plaintiff's motion for order authorizing alternative service (Dkt. #20) is **denied**.

DATED this 23rd day of June, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge

- 18 -